IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANGEL ANTONIO                )
HERNANDEZ-PEREZ,             )
                             )
            Petitioner,      )
                             )
      v.                     )    1:22CV251
                             )
USA,                         )
                             )
            Respondent.      )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner serving a sentence after a criminal conviction in this Court and facing deportation upon his release, submitted a Motion to Avoid Deportation under 28 U.S.C. § 1651. It is not clear whether or not Petitioner is subject to a final order of removal. If he is not, he would need to continue to contest his immigration status with immigration authorities and within the immigration courts. If he is, the current Motion does not state a viable claim for relief because, subject to limited exceptions not applicable here, a petition for review filed with the appropriate court of appeals is the "sole and exclusive means for judicial review" of challenges to removal orders. 8 U.S.C. § 1252(a)(5). That statute specifically states that these provisions apply "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory)." Id.; see also Dragenice v. Gonzales, 470 F.3d 183, 186 (4th Cir. 2006) (noting that Congress divested trial courts of jurisdiction over actions challenging

removal orders). Petitioner's challenge to any removal order is not appropriate in this Court, but must be raised "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). It is not clear from Petitioner's filing which circuit, if any, is appropriate for Petitioner's challenge. However, Petitioner should seek the proper forms from the Clerk of that circuit and file any petition there to the extent he seeks to challenge a removal order. His current action should be dismissed without prejudice to Petitioner pursuing relief in an appropriate forum.

Petitioner also seeks an appointment of counsel. This request will be denied in light of the recommendation of dismissal.

IT IS THEREFORE ORDERED that Petitioner's request for counsel is denied in light of the recommendation of dismissal.

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Petitioner filing any challenge to his deportation or order of removal in an appropriate forum.

This, the 6th day of April, 2022.

Joe L. Webster
United States Magistrate Judge